**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

| | | |
|---|---|---|
| **LEE LODER,** | **)** | |
| | **)** | |
| | **)** | |
| **DEBTOR/APPELLANT,** | **)** | **21-13082-BB** |
| | **)** | |
| **VS.** | **)** | |
| | **)** | |
| **ICEMAKERS, INC,** | **)** | |
| | **)** | |
| **CREDITOR/APPELLEE.** | **)** | |

    Appeals from decision of the United States Bankruptcy Court for the Northern District of

Alabama, Southern Division (07-143-DSC-7) and the United States District Court for the

Northern District of Alabama, Southern Division (2:20-CV-1372-LSC)

**MOTION TO REINSTATE APPEAL, MOTION FOR DIRECTION AND THEN, TO
DISMISS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

filed on behalf of Lee Wendell Loder, Appellant

Lee Wendell Loder, Esquire
Attorney for Appellant
Loder, PC
P.O. Box 13545
Birmingham, Alabama 35202
(205)326-0566
(856)997-1401 fax
lloder@loderpc.co

# I. **FORMER DEBTOR'S CERTIFICATE OF INTERESTED PERSONS**

## **& CORPORATE DISCLOSURE**

Comes now the former debtor, by its attorney, and pursuant to     the Appellate Rules of Procedure identifies the following persons with an interest in this matter:

1.   Lee Wendell Loder, Appellant and Attorney for Appellant, Loder, PC, PO Box 13545, Birmingham, AL 35202.

2.   Walter McArdle, Attorney for Icemakers, Inc, and Icemakers, Inc, Appellee, c/o Spain Gillon, 505 20th Street N, Ste 1200, Birmingham, AL 35203.

3. Judge D. Sims Crawford and retired Judge Benjamin Cohen, US Bankruptcy Court, Northern District of Alabama, Robert S. Vance Building, 1800 5th Avenue South, Birmingham, Alabama 35203.

4. Judge L. Scott Coogler, US District Court, Northern District of Alabama, Hugo L. Black Building, 1729 5th Avenue South, Birmingham, Alabama 35203.

5. Roderick D. Graham, Graham and Associates, Attorney for Appellant at Bankruptcy Court, 2910 Linden Avenue, Birmingham, AL 35242.

6.   WAKK, LLC, PO Box 13545, Birmingham, AL 3520

## II.  ARGUMENT

The appellant moves to reinstate[1] this appeal pursuant to FRAP 42 on the grounds that the appellant is entitled to extraordinary relief.   Although the appellant's failure to file an appendix was a simple oversight, this matter still warrants reinstatement as it appears that the Court may actually lack jurisdiction.   As this Court noted in its own inquiry, the court cannot gain jurisdiction from the appeal of an interlocutory order per 28 U.S.C. §§ 1293, 1291.   Furthermore, [s]ubject-matter jurisdiction may not be waived as a matter of law; a court's lack of subject matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu."   Davis v. Self, 960 F.Supp.2d 1276, 1295 (N.D. Ala. 2013)   A writ of mandamus is an **extraordinary remedy** and subject-matter jurisdiction is an **extraordinary request** for relief. *Davis v. Self*, 960 F.Supp.2d 1276, 1295 (N.D. Ala. 2013)

Since its initial filing on the jurisdictional question, the appellant was able to locate the bankruptcy court order (07-0143-DSC, Doc. 133) consolidating AP 17-058-BGC with AP 07-143-BGC (Exhibit A).   Hence, it appears that the orders the appellant initially appealed from (i.e. 07-143-BGC, Docs. 194, 199 & 202) were likely interlocutory as 1) matters in AP 17-058-BGC had not yet been resolved, 2) the appeal question relates 17-058-BGC and to preservation of the question of the parties' contractual intent for resolution in that matter and the action in 17-058-BGC is still pending. The plaintiff has also cured the procedural defect by filing the appendix in this matter simultaneously herewith.

---

[1] As a side note, the parties were also engaged in a reasonable effort to resolve the case through this Court's mediation process. To the extent a resolution without court intervention is extraordinary, the appellant also raises this as a reason to reinstate the appeal.

The court should hear this case on the merits to lend itself to a final resolution of all matters, including those raised by the appellant given said extraordinary issues involved in this appeal. The bankruptcy court will need guidance as it is under orders from the District Court to ascertain the amount of attorney's fees to be awarded against the appellant for an order that was likely issued without jurisdiction. Based on the foregoing, this case is due to be reinstated.

Respectfully Submitted,

s/Lee Wendell Loder
Lee Wendell Loder
Attorney for Former Debtor
Loder, P.C.
PO Box 13545
Birmingham, Alabama 35202
(205)326-0566

## III. CERTIFICATE OF SERVICE & COMPLIANCE

I hereby certify that I have served the above and foregoing brief upon the counsel for the creditor by electronic filing on this the 6th day of November, 2021 and that this brief complies with this jurisdiction's type volume limitations.

s/Lee Wendell Loder

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

In the Matter of:

|  |  |  |
|---|---|---|
| | } | |
| Lee Wendell Loder | } | Case No. 07-01261-BGC7 |
| Adrianne Lawnyette Ragland Loder | } | |
|     Debtor(s) | } | |
| | | |
| Icemakers, Inc., | } | Adversary Proceeding No. 07-00143-DSC |
|     Plaintiff, | } | |
| | } | Adversary Proceeding No. 17-00058-DSC |
| v. | } | |
| | } | |
| Lee Wendell Loder, | } | |
|     Defendant. | } | |

## ORDER AND NOTICE OF HEARING

This matter came before the Court on Wednesday, August 23, 2017 09:30 AM, for a hearing on the following:

1) RE: Doc #53; Defendant's Motion for Summary Judgment on the Issue of Liability for Violation of the Discharge Injunction
2) RE: Doc #59; Defendant's Motion for Temporary Restraining Order and Preliminary Injunction
3) RE: Doc #66; Status Conference on Defendant's Motion for Contempt and Sanctions for Violation of Discharge Injunction
4) RE: Doc #72; Plaintiff's Motion for Summary Judgment
5) RE: Doc #76; Plaintiff's Amended Motion to Dismiss Adversary Proceeding
6) RE: Doc #86; Plaintiff's Motion to Consolidate and Dismiss Adversary Proceeding
7) RE: Doc #90; Defendant's Response to Motion to Dismiss and to Consolidate
8) RE: Doc #92; Plaintiff's Reply to Defendant's Response to Motion to Compel
9) RE: Doc #93; Plaintiff's Motion to Dissolve Temporary Restraining Order
10) RE: Doc #94; Plaintiff's Amendment to Motion to Dismiss Adversary Proceeding and Response to Averments in other Pleadings and Motions filed by Defendant
11) RE: Doc #96; Defendant's Response to Plaintiff's Motion to Dissolve Temporary Restraining Order
12) RE: Doc #97; Defendant's Renewed Motion for Rule 11 Sanctions and Motion to Strike Certain Rule 11 Contentions for a Protective Order and Motion to Seal Tax and Bank Records
13) RE: Doc #98; Plaintiff's Motion to Quash Subpoena
14) RE: Doc #107; Plaintiff's Motion to Compel and Response to Motion to Quash Deposition Notices
15) RE: Doc #108; Defendant's Motion to Stay Collection Discovery, in the Alternative Motion to Compel Disclosure of Debt Owed

Proper notice of the hearing was given and appearances were made by the following:

Lee Wendell Loder, attorney for Lee Wendell Loder (Defendant)
Roderick Graham, attorney for Lee Wendell Loder (Defendant)
Walter F McArdle, attorney for Icemakers, Inc. (Plaintiff)

**It is hereby ORDERED, ADJUDGED and DECREED that:**

Based on the filings and the arguments of counsel, and for the reasons set forth on the record during the hearing;

1) The Defendant's Motion for Summary Judgment on the Issue of Liability for Violation of the Discharge Injunction is taken under submission.

2) By consent of the parties, the Temporary Restraining Order as to the state court action remains in effect with notice pursuant to this Court's Order dated June 6, 2017 (Doc. No. 63). The Motion for Temporary Restraining Order and Preliminary Injunction is continued to September 14, 2017 at 9:30 a.m. in Courtroom no. 1.

3) The Status Conference on the Defendant's Motion for Contempt and Sanctions for Violation of Discharge Injunction is continued to September 14, 2017 at 9:30 a.m. in Courtroom no. 1.

4) The Plaintiff's Motion for Summary Judgment is taken under submission.

5) The Plaintiff's Amended Motion to Dismiss Adversary Proceeding is granted in part and denied in part.

6) Pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure, the Plaintiff's Motion to Consolidate Case and Dismiss Adversary Proceeding is granted in part and denied in part. Counts I, II, and III of the Complaint filed on May 22, 2017 (Doc. No. 1) in Adv. Proc. 17-00058 are consolidated with Adv. Proc. 07-00143. The Clerk of Court shall treat that Complaint as a filing in Adv. Proc. 07-00143 as of the entry date of this Order. However, based on this Court's Scheduling Order of June 9, 2017 (Doc. No. 66), the Clerk is not required to issue any additional scheduling notices for the Complaint unless otherwise ordered.

After entry of this Order, the parties shall file any additional pleadings or other documents in Adv. Proc. 07-00143 only. The Court will adjudicate the appropriate issues between the parties through Adv. Proc. 07-00143, and any additional filings in Adv. Proc. 17-00058 will not be considered or heard. Pursuant to this Court's Order of July 21, 2017 (Doc. No. 104), the time for discovery closed on August 18, 2017 and no additional discovery will be permitted except on motion and subsequent order by this Court.

The Defendant, Lee Loder, made a demand for a jury trial regarding Counts I, II, and III of his Complaint, which were described as core proceedings (Doc. No. 1). This Court has not yet made findings of fact, has not ruled on all dispositive motions, and has not determined whether a right to a jury trial applies to the claims in Mr. Loder's Complaint. In addition, all parties to this proceeding have not given their express consent to a jury trial as required by 28 U.S.C. § 157(e). For these reasons, the jury trial demand is not ripe and this Court defers the issue for later consideration.[1]

It is further Ordered that all remaining matters and motions in Adv. Proc. 17-00058 are moot.

7) The Court has considered the Response but otherwise takes no action regarding it.

8) The Court has considered the Reply but otherwise takes no action regarding it.

9) The Plaintiff's Motion to Dissolve Temporary Restraining Order is denied.

10) The Plaintiff's Amendment to Motion to Dismiss Adversary Proceeding and Response to Averments in other Pleadings and Motions is granted in part and denied in part.

11) The Court has considered the Response but otherwise takes no action regarding it.

12) The Defendant's Renewed Motion for Rule 11 Sanctions and Motion to Strike Certain Rule 11 Contentions is moot. The Defendant's Motion for a Protective Order is denied, and the Motion to Seal Tax and Bank Records is denied at this time.

13) The Plaintiff's Motion to Quash Subpoena is moot.

14) The Plaintiff's Motion to Compel and Response to Motion to Quash Deposition Notices is granted in part. The Defendant has fourteen (14) days from the entry of this Order to submit, to opposing counsel, an estimate of attorney's fees due and a reasonable description of the work performed thus far.

15) The Motion to Stay Collection Discovery, in the Alternative Motion to Compel Disclosure of Debt Owed filed by Defendant is moot.


Dated: August 24, 2017

/s/ D. Sims Crawford
D. Sims Crawford
United States Bankruptcy Judge

---

[1] Any oral ruling to the contrary during the hearing conducted on August 23, 2017 is hereby set aside.